UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD E. BOSTON, TRUSTEE, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-0679-DFH-JMS |
| ) | |
| THE HUNTINGTON NATIONAL BANK, ) | |
| ) | |
| Defendant-Appellant. ) | |

ENTRY ON BANKRUPTCY APPEAL

This bankruptcy appeal presents a narrow question of Indiana statutory interpretation that applies to events that occurred in a one year period. The answer controls whether a bankruptcy trustee can avoid the lien created by a recorded residential mortgage because of a defect in the recording of the mortgage. If so, then the mortgage lender would lose its lien and the value of the home would have to be shared with all unsecured creditors. Courts have reached different conclusions on the question. The court agrees with Judge Lee's recent decision in *In re Gysin*, — B.R. —, 2009 WL 2143688 (N.D. Ind. July 14, 2009), and holds that the 2007 amendment to Indiana Code § 32-21-4-1 applies to protect the lender's lien in a bankruptcy filed after the 2007 amendment took effect, regardless of when the mortgage was recorded defectively. Applying the 2007 amendment means that the technical defect in recording the mortgage does not

entitle the trustee to avoid the mortgage in this case. The court therefore reverses the judgment of the bankruptcy court.

*The Facts and Proceedings in the Bankruptcy Court*

Debtors Silas D. Richardson and Mary Jane Richardson owned a home in Franklin County, Indiana. In August 2003, they executed and delivered a mortgage with Huntington National Bank as security for a loan of $70,817. The mortgage was recorded on September 2, 2003, but there was a problem. The acknowledgment of the mortgage showed that Mr. Richardson had appeared before a notary public to execute the mortgage, but it mistakenly failed to acknowledge that Mrs. Richardson had also done so. See Ind. Code § 32-21-2-3 (requiring that notary public or other public official authenticate signature of grantors of mortgage).

On August 3, 2007, the Richardsons filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Relying on the defective acknowledgment of the mortgage, the trustee in the Richardsons' case filed an adversary proceeding in the bankruptcy court to avoid the lien provided by Huntington's mortgage on the Richardsons' home. The parties filed cross-motions for summary judgment.

The bankruptcy court (Hon. James K. Coachys) granted the trustee's motion. Judge Coachys held that a 2007 amendment to Indiana Code § 32-21-4-1, which would save the validity of a recorded mortgage despite the technical defect in the notary's acknowledgment, did not apply to the Richardsons' mortgage because it was recorded before the 2007 amendment took effect. Huntington Bank has appealed. The court has jurisdiction over the appeal from the final decision of the bankruptcy court pursuant to 28 U.S.C. § 158(a). The bankruptcy court's grant of summary judgment is reviewed *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004).

*Discussion*

I.   *The Statutory Framework*

Indiana law requires that conveyances or mortgages of land or any interest in land be recorded with the county recorder. Ind. Code § 32-21-4-1. Proper recording provides constructive notice of the transaction to any later buyers or lenders so that they know the extent and priority of any interest they might later acquire in the property.

Under bankruptcy law, the trustee in a Chapter 7 case is treated as having, as of the commencement of the case, the same right to avoid an obligation incurred by the debtor that a bona fide purchaser of real property would have. 11 U.S.C. § 544(a)(3). The trustee of the Richardsons' bankruptcy estate seeks to

exercise this power in this adversary proceeding, arguing that the Huntington Bank mortgage would not be enforceable against a bona fide purchaser.

Under Indiana law in effect before July 1, 2007, courts held that some types of technical defects in recording a mortgage (including a defect in the acknowledgment of the grantors' signatures) did *not* provide constructive notice to a bona fide purchaser. See *In re Stubbs*, 330 B.R. 717, 726-29 (Bankr. N.D. Ind. 2005) (collecting case law), *aff'd*, 2006 WL 2361814 (N.D. Ind. Aug. 14, 2006). As a result, bankruptcy creditors or trustees who found technical flaws in mortgages could set the liens aside and make the entire value of the property available to share among unsecured creditors.[1]

The Indiana General Assembly amended Indiana Code § 32-21-4-1 effective July 1, 2007 to change that result and to overrule *Stubbs* and the cases it relied upon on this issue. Subsection (a) of that section of the Indiana Code has long required recording of conveyances and mortgages of land or of interests in land, as well as leases for terms of more than three years. Subsection (b) has provided that such recorded documents take priority according to the time of their filing. In 2007 the legislature added subsection (c) to provide:

>   (c)   This subsection applies only to a mortgage. If:

---

[1] This issue seems to have arisen recently only in bankruptcy proceedings. The court suspects that few purchasers or their new lenders have been willing to close transactions until prior mortgages were released, regardless of such technical defects in their recording.

> > (1) an instrument referred to in subsection (a) is recorded; and
> > (2) the instrument does not comply with the:
> >     (A) requirements of:
> >         (i) IC 32-21-2-3; or
> >         (ii) IC 32-21-2-7; or
> >     (B) technical requirements of IC 36-2-11-16(c);
> > the instrument is validly recorded and provides constructive notice of the contents of the instrument as of the date of filing.

Ind. P.L. 135-2007 § 2 (2007). The issue here is whether this 2007 rescue for technically defective mortgages applies to this case in which the mortgage was recorded before the amendment took effect, but the bankruptcy case was filed after it took effect. Adding one last twist to the puzzle, in 2008, the same Indiana General Assembly that enacted the 2007 amendment enacted a further amendment to subsection (c) by adding the following sentence after the first sentence: "This subsection applies regardless of when a mortgage was recorded." Ind. P.L. 129-2008 § 1. That language should remove all doubt for similar cases arising on or after July 1, 2008, but there is still room for debate about bankruptcies like this one, filed on or after July 1, 2007 but before July 1, 2008.

II.  *Application of Subsection (c) Here Is Not "Retroactive"*

To date, three separate bankruptcy judges in Indiana have found that the 2007 amendment does not apply to mortgages recorded before the amendment took effect even if the bona fide purchaser or bankruptcy trustee acquired the property after the amendment took effect.[2] More recently, U.S. District Judge Lee

---

[2]The three cases are this one, *Yoon v. National City Mortgage Co. (In re*
(continued...)

-5-

in the Northern District of Indiana reversed one of those decisions and held that the 2007 amendment applies to defective mortgages recorded before its enactment where the purchaser or trustee acquired the property after the amendment took effect. *In re Gysin*, — B.R. —, —, 2009 WL 2143688 (N.D. Ind. July 14, 2009).

If one looks only at the language of the 2007 amendment, the answer is not entirely free from doubt, but the better reading favors application of the 2007 amendment to purchases and bankruptcies after it took effect, regardless of when the mortgage was recorded. The bankruptcy court in *In re Gysin*, Case No. 07-32739 (Bankr. N.D. Ind. March 24, 2009), relied on the phrase "is recorded, " which that court described as "a present active verb." The bankruptcy court concluded that the natural interpretation of the phrase applied only to recordings that occurred on or after July 1, 2007. Judge Lee reversed on appeal: "Reading the 2007 Amendment as a whole, it is noted that it later uses the phrase 'is validly recorded,' clearly in the past participle, history book sense. To be consistent, the disputed phrase 'is recorded' earlier in the amendment must be construed in the same way, to refer historically to any mortgage that is recorded." *In re Gysin*, — B.R. at —, 2009 WL 2143688, at *5. This reading of the statute describes the grammar more accurately, though the court does not rely on only this ground to decide this case.

---

²(…continued)
*Hershman)*, 403 B.R. 597 (Bankr. N.D. Ind. 2009), and *Miller v. LaSalle Bank, N.A. (In re Gysin)*, Case No. 07-32739 (Bankr. N.D. Ind. March 24, 2009).

In this case, the bankruptcy court believed that the bank is seeking "retroactive" application of the 2007 amendment. The bankruptcy court then applied the general presumption against retroactive application of statutes (unless the legislature has made very clear its intent to require such application). See, e.g., *Indiana Dep't of State Revenue v. Estate of Riggs*, 735 N.E.2d 340, 344 (Ind. Tax Ct. 2000), quoting *Turner v. Town of Speedway*, 528 N.E.2d 858, 863 (Ind. App. 1988).

This court respectfully disagrees with the bankruptcy court's premise. Applying the 2007 amendment to a purchase or bankruptcy after the amendment took effect does not amount to retroactive application of the amendment. What do courts mean when they say a statute acts retroactively? The Supreme Court considered the question in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994) (holding that 1991 amendments to federal civil rights laws creating new remedies should not be applied to cases pending on appeal when amendments took effect). Justice Stevens explained for the Court:

> A statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment, see *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 100 (1992) (THOMAS, J., concurring in part and concurring in judgment), or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. *The conclusion that a particular rule operates "retroactively" comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event.* Any test of retroactivity will leave room for disagreement in hard cases, and is unlikely to classify the enormous variety of legal changes with perfect philosophical clarity.

> However, retroactivity is a matter on which judges tend to have "sound ... instinct[s]," see *Danforth v. Groton Water Co.*, 178 Mass. 472, 476, 59 N.E. 1033, 1034 (1901) (Holmes, J.), and *familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.*

511 U.S. at 269-70 (emphasis added).

That process of judgment and those considerations show that applying the 2007 amendment in this case, where the bankruptcy was not filed until after the amendment took effect, would not amount to giving it retroactive effect. Consider the situation here on June 30, 2007, the day before the amendment took effect, in terms of fair notice, reasonable reliance, and settled expectations. The Richardsons had signed a mortgage in 2003 that was perfectly enforceable against them on June 30th. (The older Indiana rule on technically defective mortgages applied only for the benefit of later purchasers or lenders, not the borrowers who had executed the mortgage.) On June 30th, there was no bona fide purchaser or bankruptcy trustee who might have been relying on the technical defect in the 2003 mortgage. There was no one with "settled expectations" about the consequences of that defect. In terms used long ago by Justice Story, application of the 2007 amendment to the Richardsons' bankruptcy trustee does not take away or impair "vested rights acquired under existing laws," nor does it create a new obligation, impose a new duty, or attach a new disability with respect to past transactions. See *Society for Propagation of the Gospel v. Wheeler*, 22 F. Cas. 756, 767 (No. 13,156) (CCNH 1814), quoted in *Landgraf*, 511 U.S. at 269; see also *Stewart v. Marson Construction Corp.*, 191 N.E.2d 320, 321 (Ind. 1963) (construing

-8-

statute so as not to "impose liabilities not existing at the time of its passage" or to "affect an existing liability to the detriment of a defendant").

Much more recently, the Seventh Circuit addressed whether an Indiana statutory amendment applied retroactively. See *Estate of Moreland v. Dieter*, — F.3d —, 2009 WL 2432477 (7th Cir. Aug. 11, 2009). The amendment changed the rules governing local governments' obligations to pay judgments against their employees in federal civil rights cases (in which damages are awarded most often against government employees in their individual capacities). The amended law now requires local governments to pay compensatory damages awarded in judgments in civil rights cases against their employees where the local government provided a defense.

The issue in *Estate of Moreland* was whether the amendment should be applied to a verdict that had been issued before the statutory amendment but that was not reduced to judgment until after the amendment took effect. The Seventh Circuit concluded that application of the amendment to the earlier verdict would clearly amount to giving the amendment retroactive effect. Applying the amendment would have imposed "new legal consequences" – a new mandatory duty to pay a $29 million judgment – to decisions and actions of the local government that had occurred before the amendment was enacted. Those dramatically new legal consequences, if they had been foreseeable at the time the

local government was deciding how to manage the lawsuit, would have "changed the calculus for the governmental entity." *Id.* at *4.

In this case, by contrast, the 2007 amendment did not change the "calculus" for any party or upset any reliance interests. On July 1, 2007, the Richardsons still owed money to Huntington Bank, the bank's mortgage lien was perfectly valid against the Richardsons, and there was no bona fide purchaser or bankruptcy trustee with any interest in the property. The 2007 amendment affected only possible future purchases, loans, or bankruptcies. It did not upset any vested rights or reliance interests.

By the time the Richardsons filed their bankruptcy petition a month later, the trustee was on notice that Indiana law had changed, so that even if the recorded mortgage was technically deficient, the mortgage was then deemed valid by Indiana law. The rights of the trustee were not changed in any way by the 2007 amendment. He had no rights to the Richardsons' property before they filed for bankruptcy in August 2007, after the 2007 amendment took effect.

Indiana has treated a similar statutory change as not retroactive. Effective in 1973, Indiana changed its statutory definition of a minor from under twenty-one years old to under eighteen years old. In *DeHart v. Anderson*, 383 N.E.2d 431 (Ind. App. 1978), the plaintiff attempted to sue for injuries in an auto accident. The governing statute of limitations was two years. The accident had occurred

-10-

more than three years before the suit was filed. At the time of the accident, however, the plaintiff was not yet twenty-one. Under the law in effect at the time of the accident, she had two years after the date of majority to file her claim. The statutory change in the age of majority occurred between the accident and the filing of suit. The court held that the plaintiff was relieved of her minority status on the date of enactment of the statute, and at that time, she had two years to file suit. Most important for present purposes, the Indiana court found the application of the new statute was not retroactive at all. It upset no vested rights or reliance interests: "We agree that as of the effective date of a legislative act reducing the age of majority from twenty-one to eighteen years, all persons between those ages are relieved of their disability. There is nothing retroactive in this application of the amended statute." *Id.* at 434.

When the Richardsons declared bankruptcy, the trustee received a bankruptcy estate subject to an effective mortgage lien on the real estate. Applying the 2007 amendment to the *later* bankruptcy does not amount to retroactive application of the amendment. This result is sufficiently clear from the combination of the language of the 2007 amendment and the nature of the amendment. The 2008 amendment gives the bank's position an even sturdier foundation. In 2008, the same legislature that had adopted the 2007 amendment passed the clarifying amendment stating that Indiana Code § 32-21-41-1(c) "applies regardless of when a mortgage was recorded." Reasonable judges and lawyers can disagree about the scope of the 2007 amendment. The speedy 2008

amendment by the same legislature is best understood not as a dramatic change in the law but as a clarification of an ambiguity that had not been recognized until the new language was applied in the courts. See, *e.g.*, *Seymour National Bank v. State*, 422 N.E.2d 1223, 1226 (Ind. 1981) (treating later amendment as clarifying the law to resolve an ambiguity)[3]; *Martin v. State*, 774 N.E.2d 43, 45 (Ind. 2002) (applying clarifying amendment to pending appeal where prior statute had been ambiguous and had given rise to conflicting court interpretations). The fact that the same legislature enacted both the 2007 and 2008 amendments adds weight to treatment of the 2008 amendment as having merely clarified what the legislature had intended in 2007. Cf. *Bailey v. Menzie*, 505 N.E.2d 126, 128 (Ind. App. 1987) (finding that later amendment by different legislature was not merely a clarifying amendment but changed the applicable law).[4]

---

[3]*Seymour National Bank* was later overruled on other grounds – the scope of the law enforcement immunity provision of the Indiana Tort Claims Act – by *Quakenbush v. Lackey*, 622 N.E.2d 1284, 1285-86 (Ind. 1993), which was in turn implicitly overruled by *Benton v. City of Oakland City*, 721 N.E.2d 224, 230 (Ind. 1999). *Seymour National Bank* can still provide helpful guidance on interpretation of the effect of statutory amendments.

[4]Even if the application of the 2007 amendment to this case were deemed retroactive, the court would still find that application appropriate. This is a case for applying the "oft-cited (and occasionally invoked) exception" to the general rule that remedial statutes will be applied retroactively unless they impair a vested right or violate the constitution. *Estate of Moreland*, 2009 WL 2432477, at *3. The 2007 amendment to Indiana Code § 32-21-4-1 is a remedial statute designed to protect the interests of mortgage lenders. *In re Stubbs*, 330 B.R. 717 (Bankr. N.D. Ind. 2005), held that a defective acknowledgment in a mortgage allowed the trustee to avoid a bank's security interest. The opinion was upheld on appeal to the district court on August 14, 2006. Less than a year later in the next legislative session, the legislature amended the law to provide that a recorded but technically deficient mortgage still provides constructive notice of the prior lien. The legislature's intent to overrule *In re Stubbs* is apparent. See *In re Gysin*, — B.R.
(continued...)

*Conclusion*

The decision of the bankruptcy court granting the trustee's motion for summary judgment is reversed. The case is remanded to the bankruptcy court for entry of summary judgment in favor of Huntington Bank and for further proceedings consistent with this entry.

---

[4](...continued)
at —, 2009 WL 2143688, at *4; see generally *Hurst v. State*, 890 N.E.2d 88, 95 (Ind. App. 2008) ("Though the legislature did not expressly provide for retroactive application of the amended statute, we are confident that this was the clear intent of such legislation."). Application of the 2007 amendment to this case does not infringe any party's vested rights or impair any party's reliance interests.

-13-

So ordered.

Date: August 17, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Richard E. Boston
BOSTON BEVER KLINGE CROSS & CHIDESTER
rboston@bbkcc.com

Mark Robert Galliher
DOYLE & FRIEDMEYER
mgalliher@dolelegal.com